JjWILLIAMS, Judge.
I respectfully dissent.
An issue in this case is whether the plaintiffs owed a duty to protect their mother from harm such that they could be assessed with fault. In any action for damages where a person suffers injury or death, the degree or percentage of fault of all persons causing or contributing to the injury shall be determined. LSA-C.C. art. 2323(A). To determine whether liability exists under the facts of a particular case, this state has adopted a duty risk analysis. Dartlone v. Louisiana Power & Light Co., 33,597 (La.App.2d Cir.6/21/00), 763 So.2d 779.
The Restatement (Second) of Torts § 323 provides that a person who undertakes to render to another services which are necessary for the other’s protection is liable to the other for physical harm resulting from the failure to exercise reasonable care in the performance of those services, if such failure increases the risk of harm. This court has recognized that while there is no general duty to protect others, when one acts to assume such a duty, liability may arise from a person’s negligent breach of that duty. Dartlone v. LP & L, supra.
Here, the testimony showed that decedent’s youngest son, Alfred, performed services to assist his mother, including delivering her rent payments and providing transportation for shopping and other errands. Alfred visited his mother almost daily and was aware of her living conditions. In addition, the other children periodically telephoned or visited their mother and knew of her living situation, but primarily relied on Alfred to assist decedent with her routine needs.
| gThus, the children could be considered to have undertaken a duty to monitor their mother’s well-being and to assist her with daily needs. Consequently, they could be assessed with fault for the decedent’s increased risk of harm resulting from their failure to exercise reasonable care in taking steps to protect her during the dangerous heat wave. Nonetheless, considering all of the circumstances of this case, I cannot agree with the majority that reasonable jurors could assign only 5% fault to the defendants.
I would note that neither New Zion nor the plaintiffs assigned as error the assessment of fault to the decedent. Thus, the majority’s focus on whether the decedent’s fault should be greater seems misplaced. The issue before this court is whether the jury could reasonably assess substantially greater fault to the decedent’s adult children than to New Zion in contributing to the accident.
The testimony presented showed that New Zion made the decision to begin the renovation in the middle of the Summer with apartments which were already occupied. Based on New Zion’s decision, decedent was informed that she was required to move out of the apartment in which she had been residing for some time without any apparent difficulty. If she remained on the premises, the only other apartments available at the complex were in an unoccupied isolated unit. Thus, contrary to New Zion’s assertion in its brief, the apartment management could and did compel decedent to act for its own purposes.
The defendants assert that the plaintiffs were at fault because they were aware that *525 decedent was not using the air conditioner, but did not ask lathe apartment manager to have the unit installed. However, the evidence demonstrates that New Zion’s management was also well aware of the extremely high temperature in decedent’s temporary apartment. Webb acknowledged that she had entered the apartment, noticed that the room temperature was very high and said she had suggested that the decedent have the air conditioner installed.
Thus, New Zion’s representative recognized the need to act to reduce the unhealthy heat in the apartment. Despite this knowledge and its control of the premises, New Zion failed to take the minimal steps of installing the new window screens and the air conditioner in decedent’s temporary apartment. I am not persuaded that New Zion management was powerless to act without the permission of the decedent or her family, particularly since New Zion had already required decedent to move from her original apartment without her consent.
Based upon this record, I must conclude that given the evidence of New Zion’s control over the apartment, its management’s awareness of the dangerously high temperature and its failure to take relatively simple action to remedy the living conditions, reasonable jurors could not have allocated fault between New Zion and the plaintiffs in the percentages set by the jury in this case. Thus, the trial court was clearly wrong in denying the motion for JNOV regarding the jury’s allocation of fault.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La. 1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. In assessing fault, the factors to be | considered include whether the conduct resulted from inadvertence or involved an awareness of the danger, how great a risk was created by the conduct, the capacities of the actor, whether superi- or or inferior, and any extenuating circumstances requiring the actor to proceed in haste, without proper thought. Watson, supra.
The testimony suggests that New Zion, the decedent and her children all acted with a general awareness of the danger presented by excessive heat in an enclosed apartment in the Summer. However, New Zion exercised control over the apartment structures at all times and could have installed the air conditioner and window screens with minimal effort. Despite its control and knowledge, New Zion chose not to act to alleviate the unhealthy conditions in decedent’s apartment.
In addition, the evidence demonstrated that New Zion’s capacity to prevent this type of risk was superior to that of the children. New Zion chose the timing of the renovation project and made the decision to begin with those apartments which were occupied. Management then selected the apartment where decedent would temporarily reside once she chose to remain on the premises. The jurors may have believed that the children should have insisted that their mother stay with one of them during the renovation. However, the reasonableness of that option must be considered in light of the testimony by Officer Caldwell and Webb indicating that decedent was a strong-willed woman whose wishes were respected by her children.
| ¡^Applying the factors of Watson, although I agree that the children are not without fault, I must conclude that they reasonably could not have been assessed with a greater percentage of fault than the degree of fault allocated to New Zion under the circumstances of this case.
*526 Accordingly, I would grant the motion for JNOV and allocate a majority of the fault to the defendants.